A. LEE BENTLEY, III
United States Attorney

MICHAEL KENNETH
Assistant United States Attorney
Middle District of Florida
400 North Tampa Street, Suite 3200
Tampa, FL 33602
(813) 274-6000 | (813) 274-6198 (fax)

ROBERT G. DREHER
Acting Assistant Attorney General
Environment and Natural Resources Division
SETH M. BARSKY, Chief
KRISTEN L. GUSTAFSON, Assistant Chief
J. BRETT GROSKO, Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044
(202) 305-0342 | (202) 305-0275 (fax)

*Attorneys for the Federal Defendant*

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| WILDEARTH GUARDIANS, | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) |
| UNITED STATES SECRETARY OF COMMERCE, | ) ) ) ) |
| *Federal Defendant.* | ) ) |

1

## STIPULATED SETTLEMENT AGREEMENT AND PROPOSED ORDER

The Parties, WildEarth Guardians ("Plaintiff") and the Secretary of the United States Department of Commerce ("Federal Defendant"), have agreed to settle the above-captioned case in its entirety on the terms memorialized in this Stipulated Settlement Agreement ("Stipulation"):

WHEREAS in September 2010, Plaintiff sent to the U.S. National Marine Fisheries Service ("NMFS"), an agency within the U.S. Department of Commerce, a petition to list the Caribbean electric ray (*Narcine bancroftii*) ("Ray") as endangered or threatened under the Endangered Species Act ("ESA") ("2010 Petition");

WHEREAS on March 22, 2011, NMFS determined that the 2010 Petition did not present substantial scientific or commercial information indicating that listing the Ray may be warranted, *Notice of 90-Day Finding on a Petition to List the Caribbean electric ray as Threatened or Endangered under the Endangered Species Act*, 76 Fed. Reg. 15,947 (March 22, 2011) ("Negative 90-Day Finding");

WHEREAS on February 26, 2013, Plaintiff filed a complaint in this Court challenging NMFS's determination that the 2010 Petition did not present substantial scientific or commercial information indicating that listing the Ray may be warranted under Section 4 of the ESA, Complaint, Case No. 13-cv-523 (ECF 1);

WHEREAS the Plaintiff and Federal Defendant, through their authorized representatives, without any admission of legal fault or error, and without final adjudication of the issues of fact or law with respect to Plaintiff's claims, have reached a settlement resolving this action;

WHEREAS the Parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve this dispute;

THE PARTIES THEREFORE STIPULATE AS FOLLOWS:

1. The Negative 90-Day Finding is remanded back to Federal Defendant for further proceedings consistent with the ESA and the Administrative Procedure Act ("APA").

2. Within 30 days of the Court's order approving this Stipulation, Plaintiff shall submit a supplement to its 2010 Petition, if any, to NMFS ("2013 Petition Supplement").

3. Within 90 days of NMFS's receipt of Plaintiff's 2013 Petition Supplement, Federal Defendant will submit to the Federal Register for publication a new 90-day finding as to whether Plaintiff's 2010 Petition, the 2013 Petition Supplement, and the records in NMFS's files present substantial scientific or commercial information indicating that the petitioned action may be warranted.

4. Either party may seek to modify the deadlines specified in Paragraphs 1, 2, or 3, for good cause shown, consistent with the Federal Rules of Civil Procedure. In the event that either party believes that the other party has failed to comply with any term or condition of this Stipulation, the Parties shall use the dispute resolution procedures specified in Paragraph 5 below.

5. The Order entering this Stipulation may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the Parties filed with and approved by the Court, or upon written motion filed by one of the Parties and granted by the Court. In the event that either party seeks to modify the terms of this Stipulation, including the deadlines specified in Paragraphs 1, 2, or 3 or in the event of a dispute arising out of or relating to this Stipulation, or in the event that either party believes that the other party has failed to comply with any term or condition of this Stipulation, the party

seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim. The Parties agree that they will meet and confer (either telephonically or in-person) at the earliest possible time in a good faith effort to resolve the claim before seeking relief from the Court. If the Parties are unable to resolve the claim themselves, either party may seek relief from the Court. In the event that the Plaintiff or Federal Defendant fails to meet a deadline and has not sought to modify it, the other party's first remedy shall be a motion to enforce the terms of this Stipulation. This Stipulation shall not, in the first instance, be enforceable through a proceeding for contempt of court.

6.  Except as explicitly provided in this Stipulation, nothing in this Stipulation shall be construed to modify or limit the discretion afforded to the Federal Defendant under the ESA or principles of administrative law on remand. No provision of this Stipulation shall be interpreted as constituting a commitment or requirement that the United States is obligated to pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other provision of law. No provision of this Stipulation shall be interpreted as constituting a commitment or requirement that the Federal Defendant take actions in contravention of the ESA, APA, or any other law or regulation, either substantive or procedural.

7.  This Stipulation only requires that Plaintiff and Federal Defendant take actions by the deadlines specified in Paragraphs 1, 2, 3 and does not limit NMFS's authority with regard to the substantive outcome of any determinations. To challenge any final determination issued in accordance with this Stipulation, Plaintiff will be required to file a separate action. Plaintiff does not waive its ability to challenge substantive decisions made by Federal Defendant pursuant to Paragraph 3, and Federal Defendant does not waive any applicable defenses.

8. Pursuant to Federal Rule of Civil Procedure 41(a)(2) and the terms of this Stipulation, the above-captioned case is hereby dismissed, with prejudice as to all claims relating to the Negative 90-Day Finding.

9. Federal Defendants agree to pay $10,000.00 to settle Plaintiff's claim for fees and costs. A check shall be made payable in this amount to WildEarth Guardians, c/o Michael R. Harris, Law Offices of Michael R. Harris, LLC, 9277 Kornbrust Drive, Lone Tree, Colorado 80124. The Federal Defendant agrees to submit all necessary paperwork to the Department of Treasury's Judgment Fund Office pursuant to 16 U.S.C. § 1540(g)(4) within ten (10) business days of receipt of the signed court order approving this Stipulation.

10. Plaintiff agrees to accept this payment in full satisfaction of any and all claims, demands, rights, and causes of action pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), the ESA, 16 U.S.C. § 1540(g), and/or any other statute and/or common law theory, through and including the date of this Stipulation, incurred in connection with this litigation.

11. By this Stipulation, the Federal Defendants do not waive any right to contest fees claimed by Plaintiff, including the hourly rate, in any future litigation or continuation of the present action.

12. The terms of this Stipulation constitute the entire agreement of the Parties, and no statement, agreement, or understanding, oral or written, which is not contained herein, shall be recognized or enforced. Except as expressly stated herein, this Stipulation supersedes all prior agreements, negotiations, and discussions between the Parties with respect to the subject matters discussed herein.

13. This Stipulation may be modified or amended only by order of this Court.

14. Each of the Parties' undersigned representatives certifies that they are fully authorized to enter into and execute the terms and conditions of this Stipulation, and do hereby agree to the terms herein.

15. The terms of this Stipulation shall become effective upon entry of an order by the Court ratifying the Stipulation.

16. This Stipulation has no precedential value and shall not be used as evidence of such in any litigation or in representations before any forum or public setting.

17. Notwithstanding the dismissal of this action, however, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of is Stipulation and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life*

//
//
//
//
//
//
//
//
//
//
//
//

*Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated: September 30, 2013.

Respectfully submitted,

ROBERT G. DREHER
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

SETH M. BARSKY, Chief
KRISTEN L. GUSTAFSON, Assistant Chief
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section

/s/ J. Brett Grosko
_____

J. BRETT GROSKO
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Tel. (202) 305-0342/ Fax (202) 305-0275
Brett.Grosko@usdoj.gov

*Attorneys for the Federal Defendant*

OF COUNSEL:

MICHAEL MCLEMORE
U.S. Department of Commerce
National Oceanic and Atmospheric Administration
Office of General Counsel
Saint Petersburg, Florida

/s/ Michael R. Harris (with permission)
_____

RALF G. BROOKES, Esq.
1217 Cape Coral Pkwy E.
Cape Coral, Florida 33904
Tel: (239) 910-5464
E-mail: Ralf@ralfbrookesattorney.com

MATHEW P. FARMER, Esq.
Farmer and Fitzgerald, P.A.
102 W. Whiting St. Suite 501
Tampa, FL 33602
Tel: (813) 413-7627
E-mail: mattfarmer1@aol.com

MICHAEL R. HARRIS
Law Offices of Michael R. Harris, LLC
9277 Kornbrust Drive
Lone Tree, Colorado 80124

*Counsel for Plaintiff*

PURSUAT TO STIPULATION, IT IS SO ORDERED.

DATED: _____  Oct 1, 2013
VIRGINIA M. HERNANDEZ COVINGTON
United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that I have caused the foregoing to be served upon counsel of record through the Court's electronic service system (ECF/CM).

Dated:      September 30, 2013.

/s/ J. Brett Grosko
_____
*Attorney for the Federal Defendant*